UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VALENTINA PRUTHI,

                          Plaintiff,                    Index No.: 7:18-CV-10290

    -against-

EMPIRE CITY CASINO, TIM ROONEY, ROBERT
GALTERIO,

                         Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES
## OF CIVIL PROCEDURE 12(b)(2), 12(b)(5), AND 12(b)(6)

**Bleakley Platt & Schmidt, LLP**
*Attorneys for Empire City Casino,*
*Tim Rooney, and Robert Galterio*
One North Lexington Ave
White Plains, NY 10601
Phone: (914) 949-2700
Fax: (914) 683-6956

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS......................................................................................................... 2

    A. Procedural and Factual Background ...........................................................................2

    B. Plaintiff's Complaint...................................................................................................4

    C. Plaintiff's Failure to Properly Serve the Complaint...................................................4

ARGUMENT............................................................................................................................... 7

POINT I ...................................................................................................................................... 7

    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP
    RULE 12(b)(2) AND 12(b)(5) DUE TO PLAINTIFF'S FAILURE TO PROPERLY
    SERVE THE SUMMONS AND COMPLAINT UPON DEFENDANTS..................... 7

POINT II..................................................................................................................................... 9

    THE COMPLAINT MUST BE DISMISSED PURSUANT TO FRCP RULE
    12(b)(6) FOR FAILURE TO STATE A PLAUSIBLE CLAIM UNDER FLSA......... 9

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 9
*Buggs v. Ehrnschwender*, 968 F.2d 1544 (2d Cir. 1992) ..................................................... 8
*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ............................................. 9
*Deluca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54 (S.D.N.Y. 2010) ................................. 7
*Franze v. Bimbo Foods Bakeries Distrib., LLC*, 2019 U.S. Dist. LEXIS 110711
   (S.D.N.Y., July 2, 2019), *aff'd*, 220 U.S. App. LEXIS 29401 (2d Cir. Sept. 15, 2020) ........... 10
*Garcia v. Yonkers Bd. of Educ.*, 188 F. Supp. 3d 353 (S.D.N.Y. 2016) ................................ 9
*Harris v. Wells*, 832 F. Supp. 31 (D.Conn. 1993) ................................................................ 7
*Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654 (S.D.N.Y. 1997) ............. 7
*Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991) .................................................. 9
*Leeds v. Meltz*, 85 F3d 51, 53 (2d Cir. 1996) ...................................................................... 9
*Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2d Cir. 1998) ................................... 9
*Tho Dinh Tran v. Dinh Truong Tran*, 860 F. Supp. 91 (2d Cir. 1993) ................................ 10

Other Authorities

29 U.S.C. § 201 .............................................................................................................. 1, 4, 10
29 U.S.C. § 206 ................................................................................................................... 10
29 U.S.C. § 207 ................................................................................................................... 10
29 U.S.C. § 216 ................................................................................................................... 10
Fed. R. Civ. P. Rule 12 ........................................................................................ 1, 2, 8, 9, 11
Fed. R. Evid. 201 .................................................................................................................. 9
FRCP Rule 4 ..................................................................................................................... 7, 8
New York Civil Practice Law and Rules § 308 .................................................................... 8
New York Civil Practice Law and Rules § 311 .................................................................... 8
New York State Human Rights Law, § 296 ......................................................................... 3
Title VII of the Civil Rights Act of 1964 ............................................................................. 3

## **PRELIMINARY STATEMENT**

The captioned action commenced by *Pro Se* Plaintiff, Valentina Pruthi ("Plaintiff"), purports to be a wage and hour claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Defendants Empire City Casino ("ECC"), Tim Rooney and Robert Galterio (collectively the "Defendants") submit this Memorandum of Law in support of their motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. ("FRCP") Rule 12(b)(2) and 12(b)(5) on the basis that Plaintiff failed to properly serve the Summons and Complaint on any of the Defendants, as confirmed by the respective Proofs of Service Plaintiff filed with the Court, and pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.

First, and foremost, it is clear that Plaintiff's alleged claim under the Fair Labor Standards Act ("FLSA"), 29 U.S. § 201 *et seq*., must be dismissed as a matter of law for failing to state a claim as it does not concern either an unpaid minimum wage, unpaid overtime compensation or any other viable FLSA claim. In fact, her Civil Cover Sheet specifically confirms that she is seeking job reinstatement, back pay and lost seniority rights in this action, relief which cannot be granted upon the facts which are the subject of the Complaint. Accordingly, notwithstanding Plaintiff's patently improper service of process of the Summons and Complaint upon each of the Defendants, the Complaint would still be subject to dismissal for failure to state a claim upon which relief can be granted within the meaning of Rule 12 (b)(6).

More specifically, Plaintiff now attempts to allege a FLSA claim based on the same facts alleged in her administrative complaint, sworn to March 30, 2018 ("SDHR Complaint") concurrently filed with both the N.Y.S. Division of Human Rights ("SDHR" or "Division") and the U.S. Equal Employment Opportunity Commission ("EEOC"). (DeGiuseppe Dec. ¶4, Ex. B, at pp. 1-3). In the Complaint that Plaintiff filed with this Court, Plaintiff alleges that she "was

1

victim [sic] of undue and harsh punishment which was inconsistent with degrees of discipline (warning, final notice, etc.) in this facility [ECC]," and for not being granted an "extended leave or vacation" as had "always" been granted to other part-time employees. (DeGiuseppe Dec. ¶2, Ex. A, at p. 5). Presumably, Plaintiff is relying upon the fact that ECC denied her request for an extended leave, which she perceives to be "unfair," and hence Plaintiff believes that she has a claim pursuant to the "Fair Labor Standards Act." Nowhere in the Complaint does Plaintiff allege a wage and hour claim actionable under FLSA.

With respect to her purported attempt to properly serve the Summons and Complaint, the Proofs of Service filed by Plaintiff confirm that she did not properly serve the Summons and Complaint upon any of the Defendants. Plaintiff's Proofs of Service indicate that she only mailed the Summons and Complaint to ECC by certified mail and to both of the individual Defendants by express mail, signature requested. There is no proof in the record that Plaintiff mailed the Summons and Complaint to each of the Defendants with the required Rule 4 Waiver of Service of Summons form or attempted to serve these papers through an authorized process server as directed in the Court's "Instructions to *Pro Se* Litigants." This Court therefore should not exercise personal jurisdiction over any of the Defendants. It is therefore respectfully submitted that Defendants' dismissal motion should also be granted pursuant to Rule 12(b)(2) and (5), in addition to Rule 12(b)(6).

## STATEMENT OF FACTS

### A. Procedural and Factual Background

Prior to commencing the captioned action, Plaintiff filed the SDHR Complaint in March 2018 with the SDHR against ECC's then-owner Yonkers Racing Corporation ("YRC") alleging "unlawful discriminatory practice relating to employment because of national origin, race/color

in violation of N.Y. Exec. Law. Art. 15 (Human Rights Law)." (DeGiuseppe Dec. ¶4, Ex. B, at p. 1).[1] On or about September 11, 2018, the Division issued its Determination and Order After Investigation dismissing the SDHR Complaint and issuing a "No Probable Cause" determination. *Id.*

The SDHR Determination summarizes the factual background of the dispute that forms the basis for Plaintiff's SDHR Complaint, which appears to be virtually identical to the facts alleged by Plaintiff in the Complaint that she filed with this Court. In the SDHR Complaint, Plaintiff alleged that she had been the victim of unlawful employment discrimination because of her national origin (Albanian) and race/color (White) in violation of Title VII of the Civil Rights Act of 1964, as amended, and the New York State Human Rights Law, Section 296. (DeGiuseppe Dec., Ex. B, at p. 1). Plaintiff's employment with ECC was terminated effective August 5, 2017 when she unexpectedly failed to return to work on that date from her approved 30-day leave. (DeGiuseppe Dec., Ex. B, at pp. 1-2). Plaintiff had initially requested a 57-day leave (with a proposed return date of August 31, 2017), which had been denied by her manager in accordance with the applicable labor agreement and ECC policy. *Id.* As a result, ECC considered her unexcused failure to return to work on August 5th to be a voluntary resignation thereby terminating her employment. *Id.* Plaintiff further alleged in her SDHR Complaint that other similarly situated employees who were not Albanian or White were not terminated for exceeding their leaves of absence. *Id.* Nowhere in her SDHR Complaint does Plaintiff allege that YRC failed to pay her the federally-mandated minimum wage or unpaid overtime compensation. *Id.*

---

[1] On the date of the occurrence in issue, the Empire City Casino was operated by Yonkers Racing Corporation. The Empire City Casino was subsequently acquired by MGM Resorts International, together with another MGM affiliate, on January 28, 2019. (DeGiuseppe Dec. ¶3).

In its SDHR Determination, the NYS Division of Human Rights notified Plaintiff of her right to request judicial review of the SDHR Determination in N.Y.S. Supreme Court within 60 days thereafter, which Plaintiff apparently never did. (DeGiuseppe Dec. ¶¶5-7, Ex. B, at p. 2). The NYS Division of Human Rights also advised Plaintiff of her right to request a review by the EEOC of the SDHR Determination within the applicable 15-day request period, but there is no evidence she ever did so. (DeGiuseppe Dec. ¶¶5-7, Ex. B, at p. 3).

### B. Plaintiff's Complaint

The Complaint filed by Plaintiff in this Court lists "Fair Labor Practice" as the basis of this Court's federal question jurisdiction and only alleges that she "was victim [sic] of undue and harsh punishment which was inconsistent with degrees of discipline (warning, final notice, etc.) in this facility [ECC]," that she was "fired while on vacation and a close relative passed away," that "Part time employees were always granted extended leave or vacation," and that she "was singled out and terminated unjustly." (DeGiuseppe Dec., Ex. A, at pp. 2 & 5). As confirmed by the statement on the first page of the Civil Cover Sheet for this action, plaintiff seeks backpay and job reinstatement pursuant to the provisions of FLSA, 29 U.S.C. §201 *et seq*. (DeGiuseppe Dec. ¶8, Ex. C). There is no claim alleged in the Complaint (or in any other documents filed with the Court) for any claims protected by the provisions of FLSA relating to either unpaid minimum wages or overtime compensation.

### C. Plaintiff's Failure to Properly Serve the Complaint

The docket for this action indicates that on or about November 13, 2018, Plaintiff filed her Proof of Service of the Complaint on Defendant Empire City Casino with the Court, which Proof of Service states, "I served a copy of summons of complaint on Empire City Casino with certified mail November 9, 2018 at 11:28 AM delivered, left with individual," which information

Plaintiff appears to have copied from the USPS tracking on the package. It further appears that Plaintiff personally signed the Proof of Service in the signature line for the process server, indicating that it was Plaintiff who had attempted service in this manner. (DeGiuseppe Dec. ¶9, Ex. D).

On or about August 27, 2020, this Court issued an Order of Service, which provides as follows:

> Plaintiff brings this *pro se* action, for which the filing fee has been paid. Plaintiff names three defendants: Empire City Casino (Empire); Tim Rooney, President of Empire; and Robert Galterio, Vice President of Empire. The Clerk's Office did not issue summonses as to Rooney and Galterio, as these two defendants are not listed in the caption of the complaint.
>
> The Clerk of Court is therefore directed to add Rooney and Galterio to the caption of the complaint and issue summonses as to them. Plaintiff is directed to serve the summons and complaint on these two defendants within 90 days of the issuance of the summons. If within those 90 days, Plaintiff has not either served Defendant or requested an extension of time to do so, the Court may dismiss the claims against these defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.
>
> The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

(DeGiuseppe Dec. ¶10, Ex. E)

It appears that the "information package" that the Clerk of Court was directed to mail to the Plaintiff was a copy of this Court's Instructions to *Pro Se* Litigants, which was filed on the docket on or about August 28, 2020. (DeGiuseppe Dec. ¶11, Ex. F). This Court's Instructions to *Pro Se* Litigants contains guidance on how to serve the Summons and Complaint, which states in part:

> If you did not file an IFP application [Application to Proceed Without Prepaying Fees or Costs], or if it was denied, or if you choose not to rely on the Marshals Service, you will either have to obtain a waiver of service from each defendant, or you will have to serve each defendant. Service and waiver are

described in Federal Rule of Civil Procedure 4. Further information on service is available on the court's website or from the Pro Se Intake Unit.

(DeGiuseppe Dec. ¶13, Ex. H, at p. 3 of 22). The Court's website for "Frequently Asked Questions" directed to *pro se* litigants clearly states:

> Who can serve my summons and complaint?
> Anyone over the age of 18 years who is not a party to the lawsuit can serve the summons and complaint. Professional process servers, typically listed in the telephone book, may be hired to serve the summons and complaint. Fees and costs vary with each server. A cost-savings alternative is to have a trusted family member or friend who is over 18 years old serve your summons and complaint. If you do not use a professional process server, you should carefully read Rule 4 of the Federal Rules of Civil Procedure to determine the method by which service must be made. Rule 4 also permits service to be made under New York Law. If your application to waive the filing fee was granted and you have *in forma pauperis* status, you also have the option of having the United States Marshal Service serve your summons and complaint free of charge. Please note that even if you have been granted *in forma pauperis* status, you need not use the Marshal Service for serving your summons and complaint. It is frequently quicker to arrange for the service on your own.

https://nysd.uscourts.gov/prose-faqs.

Plaintiff filed her Proofs of Service of the Complaint on Defendants Tim Rooney and Robert Galterio with the Court on or about October 13, 2020. The Proof of Service of the Complaint for Defendant Tim Rooney states: "I personally served the summons on the individual at (place) United States Postal Service Express 1-Day + Signature Requested on (date) 10/02/2020." It appears that Plaintiff personally signed the Proof of Service in the signature line for the process server, indicating that it was Plaintiff who had attempted service in this manner. (DeGiuseppe Dec. ¶12, Ex. G). The Proof of Service of the Complaint for Defendant Robert Galterio similarly states: "I personally served the summons on the individual at (place) United States Postal Service Express 1-Day + Signature Requested on (date) 10/02/2020." It similarly appears on this Proof of Service that Plaintiff personally signed the Proof of Service in the

6

signature line for the process server, indicating that it was Plaintiff who had attempted service in this manner. (DeGiuseppe Dec. ¶13, Ex. H).

The Proofs of Service filed by the Plaintiff *pro se* with respect to all Defendants simply do not identify any attempt to serve the Defendants in the manner prescribed by law as discussed in detail below.

## ARGUMENT

### POINT I

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP RULE 12(b)(2) AND 12(b)(5) DUE TO PLAINTIFF'S FAILURE TO PROPERLY SERVE THE SUMMONS AND COMPLAINT UPON DEFENDANTS

It is respectfully submitted that plaintiff's Complaint should be dismissed due to Plaintiff's failure to properly serve any of the Defendants. "When a defendant challenges service of process, 'the burden of proof is on the plaintiff to show the adequacy of service.'" *Deluca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 64-65 (S.D.N.Y. 2010) *quoting Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd* 173 F.3d 844 (2d Cir. 1999). "Conclusory allegations are not enough to establish personal jurisdiction." *Harris v. Wells*, 832 F. Supp. 31, 34 (D.Conn. 1993).

FRCP Rule 4 governs the proper method of serving process necessary for this Court to obtain personal jurisdiction over the Defendants. As is apparent from the Proofs of Service that Plaintiff filed with the Court (DeGiuseppe Dec., Exs. D, G & H), Plaintiff appears to have attempted to effectuate service of the Summons and Complaint herself, which is prohibited by FRCP Rule 4(c)(2). FRCP Rule 4(c)(2) states that "[a]ny person who is at least 18 years old <u>and not a party</u> may serve a summons and complaint" (emphasis added). For this reason alone, Plaintiff's Complaint should be dismissed as to all Defendants.

7

Additionally, it is apparent from the Proofs of Service (DeGiuseppe Dec., Exs. D, G & H), that Plaintiff attempted to serve ECC with the Summons and Complaint via Certified Mail and the individual defendants via USPS Express mail. The Proofs of Service do not indicate the address where Plaintiff attempted to serve the respective Defendants. However, it appears from the USPS tracking information attached to the Proofs of Service for ECC and Robert Galterio, that Plaintiff mailed the Summons and Complaint to these defendants at 810 Yonkers Avenue, Yonkers, New York, where ECC is located.

FRCP Rule 4 does not provide certified mail or express mail as a proper method for completing service of the Summons and Complaint. While FRCP Rule 4(e) & (h) does permit service on individuals and corporations by methods of service authorized by the law of the state in which the District Court sits, New York law also does not provide for service of process solely by mailing the Summons and Complaint via certified mail or express mail. *See* New York Civil Practice Law and Rules ("CPLR") §§ 308 and 311. FRCP Rule 4(d) provides a process by which waiver of service can be effectuated, but there is no evidence that Plaintiff followed this procedure or that any of the Defendants waived service pursuant to FRCP Rule 4(d).

Having failed to properly serve any of the Defendants pursuant to FRCP Rule 4 and having failed to obtain a waiver of service of the Summons and Complaint under FRCP Rule 4(d), this Court has not obtained personal jurisdiction over any of the Defendants and this Complaint must be dismissed pursuant to FRCP Rules 12(b)(2) and 12(b)(5). *See Buggs v. Ehrnschwender*, 968 F.2d 1544, 1546-48 (2d Cir. 1992).

## POINT II

### THE COMPLAINT MUST BE DISMISSED PURSUANT TO FRCP RULE 12(b)(6) FOR FAILURE TO STATE A PLAUSIBLE CLAIM UNDER FLSA

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Garcia v. Yonkers Bd. of Educ.*, 188 F. Supp. 3d 353, 357 (S.D.N.Y. 2016) (Roman, J.) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This Court must "take all well-plead factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the [Plaintiff]. *Leeds v. Meltz*, 85 F3d 51, 53 (2d Cir. 1996).

While the Court is confined to "the allegations contained within the four corners of [the] complaint," this limitation has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) (holding that "a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference [but] may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201").

Here, the Complaint filed by Plaintiff lists "Fair Labor Practice" as the basis of this Court's federal question jurisdiction and only alleges that she "was victim [sic] of undue and

9

harsh punishment which was inconsistent with degrees of discipline (warning, final notice, etc.) in this facility [ECC]," that she was "fired while on vacation and a close relative passed away," that "Part time employees were always granted extended leave or vacation," and that she "was singled out and terminated unjustly." (DeGiuseppe Dec., Ex. A, at pp. 2 & 5). As confirmed by the statement on the first page of the Civil Cover Sheet for this action, plaintiff seeks backpay and job reinstatement pursuant to the provisions of FLSA, 29 U.S.C. §201 *et seq*. (DeGiuseppe Dec., Ex. C).

"FLSA imposes federal minimum wage, overtime pay, recordkeeping, and other employment obligations on any entity deemed an 'employer.'" *Franze v. Bimbo Foods Bakeries Distrib., LLC*, 2019 U.S. Dist. LEXIS 110711, at *15 (S.D.N.Y., July 2, 2019), *aff'd*, 220 U.S. App. LEXIS 29401 (2d Cir. Sept. 15, 2020) *citing* 29 U.S.C. § 216 (b). Section 206 of FLSA requires the payment of the minimum wage established by this federal law, and section 207 prescribes a maximum work week of forty hours. 29 U.S.C. §§ 206-207. FLSA does not, however, require that Plaintiff be paid for time not worked, such as vacations, sick leave, or holidays. *See Tho Dinh Tran v. Dinh Truong Tran*, 860 F. Supp. 91, 96 (2d Cir. 1993) (holding that "Plaintiff is not entitled to payment for vacation or holidays under 29 U.S.C. § 216, which states that an employer who violates the FLSA shall be liable to its employees 'in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages'").

Here, Plaintiff is seeking backpay and job reinstatement purportedly pursuant to the provisions of FLSA, 29 U.S.C. §201 *et seq.*, alleging that she was treated unfairly and received "undue and harsh punishment" when ECC denied her request for an extended leave of absence and terminated her employment when she failed to return to work on the date she was scheduled.

10

Plaintiff's Complaint is simply not actionable under FLSA. Therefore, it is respectfully submitted that this Court should grant Defendants' motion to dismiss Plaintiff's Complaint pursuant to FRCP Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the motion of Defendants Empire City Casino, Tim Rooney and Robert Galterio to dismiss Plaintiff's Complaint pursuant to FRCP Rules 12(b)(2), 12(b)(5) and 12(b)(6) be granted in its entirety, and for such other relief as may be just and proper.

Dated: White Plains, New York
       January 13, 2020

                          **BLEAKLEY PLATT & SCHMIDT, LLP**

By: _____
                Justin M. Gardner
                Joseph DeGiuseppe, Jr.
                *Counsel for Defendants*
                One North Lexington Avenue
                White Plains, NY 10601
                Telephone:   (914) 949-2700

## CERTIFICATION OF SERVICE

I hereby certify that on January 13, 2021 a copy of the foregoing Defendants' Memorandum of Law in Support of Motion to Dismiss Pursuant to FRCP Rules 12(b)(2), 12(b)(5), and 12(b)(6) was served upon Plaintiff *pro se*, by UPS Overnight Mail to the following address:

Ms. Valentina Pruthi
1 Sherwood Terrace, Apt. 3D
Yonkers, NY  10704

_____
Justin M. Gardner