UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALENTINA PRUTHI,

                        Plaintiff,

-against-

EMPIRE CITY CASINO, TIM ROONEY, and
ROBERT GALTERIO,

                        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/28/2022
```

No. 18 Civ. 10290 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Valentina Pruthi brings this action purportedly under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, alleging that Defendants Empire City Casino ("ECC"), Tim Rooney, and Robert Galterio unlawfully singled her out from other similarly situated employees and terminated her part-time employment while she was on extended leave. (Compl. at 5, ECF No. 1.) Presently pending before the Court is Defendants' motion to dismiss *pro se* Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(2), (5), and (6). (ECF No. 19.) For the following reasons, the Court GRANTS Defendants' motion to dismiss.

## BACKGROUND

The following facts are derived from the Complaint and are taken as true and constructed in the light most favorable to *pro se* Plaintiff for the purposes of this motion.

### I. Factual Background

*Pro se* Plaintiff, a former part-time valet at the Empire City Casino located in Yonkers, New York, claims she was "the victim of [undue] and harsh punishment" by Defendants, her employers. (Compl. at 5.) Specifically, *pro se* Plaintiff claims Defendants unlawfully terminated her employment while she was "on vacation and close relative passed away." (*Id.*) She claims Defendants unlawfully singled her out from other similarly part-time employees, who are generally

granted extended leave or vacation. (*Id.*) In the Civil Cover Sheet for this action, *pro se* Plaintiff seeks backpay and job reinstatement under the FLSA. (ECF No. 2.)

**II.   Procedural Background**

On November 6, 2018, *pro se* Plaintiff filed her Complaint against Defendants. (Compl. at 1.) On November 13, 2018, *pro se* Plaintiff filed her Proof of Service on ECC, in which she states: "I served a copy of summons of complaint on [ECC] with certified mail November 9, 2018 at 11:28 AM delivered, left with individual." (ECF No. 3.) She included a receipt from the United States Postal Service (USPS) and the tracking information from the package. (*Id.*) The Proof of Service on ECC also shows that *pro se* Plaintiff personally signed the signature line for the process server, suggesting it was her who attempted service. (*Id.*)

On August 27, 2020, the Court issued an Order of Service, providing the following:

> Plaintiff brings this *pro se* action, for which the filing fee has been paid. Plaintiff names three defendants: Empire City Casino (Empire); Tim Rooney, President of Empire; and Robert Galterio, Vice President of Empire. The Clerk's Office did not issue summonses as to Rooney and Galterio, as these two defendants are not listed in the caption of the complaint.
>
> The Clerk of Court is therefore directed to add Rooney and Galterio to the caption of the complaint and issue summonses as to them. Plaintiff is directed to serve the summons and complaint on these two defendants within 90 days of the issuance of the summons. If within those 90 days, Plaintiff has not either served Defendant or requested an extension of time to do so, the Court may dismiss the claims against these defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.
>
> The Clerk of the Court is directed to mail a copy of this order to Plaintiff, together with an information package.

(ECF No. 9.)

The next day, the Clerk of Court mailed *pro se* Plaintiff a copy of the Court's "Instructions to *Pro Se* Litigants," which states in relevant part:

> If you did not file an IFP application [Application to Proceed Without Prepaying Fees or Costs], or if it was denied, or if you choose not to rely on the Marshals

>Service, you will either have to obtain a waiver of service from each defendant, or you will have to serve each defendant. Service and waiver are described in Federal Rule of Civil Procedure 4. Further information on service is available on the court's website or from the Pro Se Intake Unit.

(ECF No. 10.)

On October 13, 2020, *pro se* Plaintiff filed her Proofs of Service on Rooney and Galterio. (ECF Nos. 11 & 12.) The Proof of Service for Rooney states that *pro se* Plaintiff "personally served the summons on the individual at (place) United States Postal Service Express 1-Day + Signature Requested on (date) 10/02/2020." (ECF No. 11.) It also shows that *pro se* Plaintiff personally signed the signature line for the process server, suggesting it was her who attempted service. (*Id.*)

Similarly, the Proof of Service for Galterio states that *pro se* Plaintiff "personally served the summons on the individual at (place) United States Postal Service Express 1-Day + Signature Requested on (date) 10/02/2020." (ECF No. 12.) It also shows that *pro se* Plaintiff personally signed the signature line for the process server, suggesting it was her who attempted service. (*Id.*)

On November 18, 2021, Defendants sought leave to file a motion to dismiss the Complaint, which the Court subsequently granted and issued a briefing schedule. (ECF Nos. 16 & 17.) On March 1, 2021, Defendants filed their notice of motion (ECF No. 19), accompanying declaration with exhibits (ECF No. 20), and memorandum in support ("Motion," ECF No. 21); and *pro se* Plaintiff her response in opposition ("Response in Opposition," ECF No. 22.)

## LEGAL STANDARD

### I. Rule 12(b)(2) – Lack of Personal Jurisdiction

Where a party moves to dismiss an action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *See Metro. Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 566 (2d Cir. 1996). Prior to discovery, a plaintiff may survive a Rule 12(b)(2) motion to dismiss

by pleading in good faith legally sufficient allegations of jurisdiction. *See id.* (citing *Ball v. Metallurgie Hoboken–Overpelt,* 902 F.2d 194, 197 (2d Cir. 1990)); *see also* Fed. R. Civ. P. 11. That is, where a court relies only upon the pleadings and supporting affidavits, a plaintiff need only make a *prima facie* showing of personal jurisdiction over a defendant. *See Cutco Indus., Inc. v. Naughton,* 806 F.2d 361, 364 (2d Cir. 1986) (citation omitted); *see also Grand River Enters. Six Nations, Ltd. v. Pryor,* 425 F.3d 158, 165 (2d Cir. 2005).

"A *prima facie* showing of jurisdiction 'does not mean that plaintiff must show only some evidence of jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction.'" *Tamam v. Framsabank Sal,* 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (quotation omitted). Pleadings that assert only "conclusory non-fact-specific jurisdictional allegations" or state a "legal conclusion couched as a factual allegation" do not meet this burden. *See Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 185 (2d Cir. 1998) (quotation omitted). While a court is to assume the truth of all well-pleaded factual allegations that support a finding of personal jurisdiction, *see Ball,* 902 F.2d at 197, it should "not draw 'argumentative inferences' in the plaintiff's favor," *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir. 1994) (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir. 1992)).

## II. Rule 12(b)(5) – Insufficient Service of Process

Under Federal Rule of Civil Procedure 12(b)(5), a court may dismiss a complaint for "insufficient service of process." Adequate service of a summons must take place "[b]efore a federal court may exercise personal jurisdiction over a defendant." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "The burden is on the plaintiff to establish that his service was not insufficient. If the court determines that it was insufficient, the court may, but is not required to, dismiss the action. Alternatively, the court may grant leave to allow the plaintiff

4

to cure the insufficiency." *Sajimi v. City of New York,* No. 07–CV–3252, 2011 WL 135004, *3 (E.D.N.Y. Jan. 13, 2011) (internal citations omitted). Although *pro se* litigants are afforded a certain amount of leniency with respect to service of process, "they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience." *Yadav v. Brookhaven Nat. Lab.*, 487 F. App'x 671 (2d Cir. 2012) (Summary Order).

"In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). Rule 4 states that "[a] summons must be served with a copy of the complaint" by "[a]ny person who is at least 18 years old and not a party[.]" Fed. R. Civ. P. 4(c). Service of process must be completed within 120 days after the complaint is filed. *Id.* at 4(m). The purpose of the service requirements is "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950); *see also Durant v. Traditional Invs., Ltd.,* No. 88 CIV. 9048, 1990 WL 33611, *3 (S.D.N.Y. Mar. 22, 1990) ("[W]hen a defendant receives actual notice of a lawsuit brought against him, technical imperfections with service will rarely invalidate the service").

III.   Rule 12(b)(6) – Failure to State a Claim

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Freidus v. Barclays Bank PLC,* 734 F.3d 132, 137 (2d Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

*Pro se* litigants are not exempt from these pleading standards, but courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009). *Pro se* complaints are read with a "special solicitude" to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

As a threshold matter, while *pro se* Plaintiff expressly claims to assert a claim under the FLSA, the Court liberally construes her Complaint to more likely assert some kind of unlawful termination claim under one or more of the federal anti-discrimination employment laws, such as Title VII of the Civil Rights Act 1964, the American Disabilities Act ("ADA"), among others. Notably, she appears to allege that Defendants singled her out from other similarly situated part-time employees when they fired her while she was on extended leave. (Compl. at 5.)

Defendant argues that the Court should dismiss her Complaint two grounds. First, Defendants argue that the Court must dismiss the Complaint for lack of personal jurisdiction and insufficient service of process because *pro se* Plaintiff failed to properly serve each of them with the summons and complaint. (Mot. at 10–11.) Specifically, they point out that *pro se* Plaintiff attempted to personally effectuate service herself—which is expressly prohibited by Rule 4(c)(2). (*Id.*) And second, Defendants argue that *pro se* Plaintiff fails to state a plausible claim under the FLSA because her allegations do not involve the statute's federal minimum wage, overtime pay, recordkeeping, or other employment obligations on employers. (*Id.* at 12–14.)

After due consideration, the Court agrees with Defendants.

### I. Service of process is insufficient because *pro se* Plaintiff personally attempted to effectuate service on Defendants

As noted above, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l.,* 484 U.S. at 104. Thus, the Court's analysis under Rule 12(b)(2) and (5) collapses into one: if service of process over Defendants is insufficient, then the Court may not exercise proper jurisdiction over them.

Here, the docket shows that *pro se* Plaintiff personally attempted to effectuate service on each of Defendants, contrary to Rule 4(c)(2) explicit prohibition against parties personally serving a summons and complaint. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added)). To be sure, Rule 4(e) and (h) does permit service on individuals and corporations by methods of service authorized by the law of the state in which the federal court sits. *See* Fed. R. Civ. P. 4(e)(1) and (h)(1)(A). But here, New York law does not provide for service of process merely by mailing the summons and complaint via certified mail or express mail, as *pro se* Plaintiff did in this case. *See generally* N.Y. C.P.L.R. § 308 (Personal service upon a natural person); *id.* § 311 (Personal service upon a corporation or governmental division); *see also Nieves v. Gonzalez*, No. 05-CV-00017S(SR), 2006 WL 758615, at *7 (W.D.N.Y. Mar. 2, 2006) (granting summary judgment against *pro se* plaintiff because of insufficient service of process, as *pro se* plaintiff attempted to serve the summons and complaint himself through USPS express mail).

Rule 4(d) also provides a process by which plaintiffs can request defendants to waive service of process, but as Defendants correctly point out, the docket contains no evidence that either *pro se* Plaintiff attempted this procedure or that any of Defendants waived service. (Mot. at 11 (citing Fed. R. Civ. P. 4(d).) Thus, in the absence of adequate service of process, the Court

7

concludes that it has not obtained personal jurisdiction over any of Defendants. Therefore, *pro se* Plaintiff's Complaint must be dismissed under Rule 12(b)(2) and (5).

### II. *Pro se* Plaintiff fails to state a claim upon which relief may be granted

Furthermore, even if the Court were to consider *pro se* Plaintiff's allegations in her Complaint, Defendants are also correct that she fails to state a claim under either the FLSA or any of the federal anti-discrimination laws for her alleged unlawful employment termination.

To begin, "[t]he FLSA imposes federal minimum wage, overtime pay, recordkeeping, and other employment obligations on any entity deemed an "employer." *Franze v. Bimbo Foods Bakeries Distribution, LLC*, No. 17-CV-3556(NSR), 2019 WL 2866168, at *5 (S.D.N.Y. July 2, 2019) (citing 29 U.S.C. § 216), *aff'd sub nom. Franze v. Bimbo Bakeries USA, Inc.*, 826 F. App'x 74 (2d Cir. 2020). *Pro se* Plaintiff does not appear to allege that Defendants failed to either pay her minimum wage, overtime pay, or maintain recordkeeping, etc. While *pro se* Plaintiff argued in her response in opposition that she worked between 10-12 hours without taking a lunch break, the Court may not consider anything else outside the four corners of her Complaint for purposes of the instant motion. *See Bryant v. Ciminelli*, 267 F. Supp. 3d 467, 472–73 (W.D.N.Y. 2017) ("In deciding a Rule 12(b)(6) motion, the [c]ourt is generally limited to reviewing the allegations contained within the four corners of [p]laintiff's complaint[;] . . . [i]f the [c]ourt considered any of the additional facts or affidavits, the motion would be converted to one for summary judgment[;] [n]o party is on notice of such a conversion, and as [p]laintiff's counsel points out, no discovery has yet occurred in this case[;] . . . [t]herefore, such conversion is inappropriate, and the [c]ourt will not consider the extraneous material provided by the parties in deciding the instant motion.") (alterations and quotations omitted).

Moreover, to establish a claim for unlawful termination under any of the federal anti-discrimination statutes, the plaintiff must first establish a *prima facie* case of discrimination under

the burden-shifting analysis articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Pucino v. Verizon Wireless Commc'ns, Inc.*, 618 F.3d 112, 117 n.2 (2d Cir. 2010). To establish a *prima facie* case of discrimination, a plaintiff must demonstrate that "(1) she was within the protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Liebowitz v. Cornell Univ.*, 584 F.3d 487, 498 (2d Cir. 2009).

Here, the Complaint contains no allegations attempting to establish a *prima facie* discrimination claim for unlawful employment termination under any of the federal anti-discrimination statutes. All that *pro se* Plaintiff alleges is that Defendants singled her out from other similarly situated part-time employees when they unlawfully terminated her while she was on extended leave. While she does allege that Defendants subjected her to an adverse employment action—namely, unlawful termination, she does not allege, for example, whether she is in a protected class (*i.e.*, race, ethnicity, gender, age, or religion), whether she was qualified for her valet position, or whether the circumstances surrounding her employment termination give rise to an inference of discrimination of any kind. Therefore, the Court concludes that *pro se* Plaintiff fails to sufficiently state a plausible claim.

### III. The Court will dismiss the Complaint without prejudice

"Where service of process is insufficient, the courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant." *Overhoff v. Health Care Plan*, No. 99-CV-152A, 1999 WL 605706, at *2 (W.D.N.Y. June 22, 1999) (quoting *Montalbano v. Easco Hand Tools*, 766 F.2d 737, 740 (2d Cir. 1985). "Where there is a strong probability that process can be properly effectuated, the service should be quashed and the action preserved." *Id.* (quoting *Montalbano*, 766 F.2d at 740.) Here, although there is reason to believe that she may be able to properly serve Defendants, *pro se* Plaintiff's Complaint also crucially fails

9

to state a plausible claim against them. Accordingly, the Court quashes service upon Defendants and declines to preserve the case here by dismissing the Complaint without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss (ECF No. 19). The Clerk of the Court is directed to terminate the motion at ECF No. 19 and this action, to mail a copy of this Opinion and Order to *pro se* Plaintiff at her address listed on ECF, and to file proof of service on the docket.

Dated: February 28, 2022
      White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge